**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>*Plaintiff*,<br><br>v.<br><br>CAPITAL ONE FINANCIAL SERVICES,<br><br>*Defendant*. | Civil Action No. 22-02448<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Fritz Gerald Toussaint seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1; D.E. 2. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* and **DISMISSES** his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, D.E. 2, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Plaintiff accuses Defendant of violating his rights under the First Amendment, the Equal Protection Clause, the Fair Credit Reporting Act, and the Truth in Lending Act. D.E. 1 at 4. Plaintiff is suing a private entity, and not a governmental actor. *See id.* at 1, 5. The Supreme Court has instructed that the First Amendment and the Equal Protection Clause do not normally apply to non-governmental actors. *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. --, 139 S. Ct. 1921, 1930 (2019) (explaining that a "private entity is not ordinarily constrained by the First Amendment because the private entity is not a state actor."); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972) (recounting "the essential dichotomy between discriminatory action by the State, which is prohibited by the Equal Protection Clause, and private conduct, however discriminatory or wrongful, against which that clause erects no shield[.]") (internal quotation marks and citation omitted). Accordingly, Plaintiff's constitutional claims are dismissed.

The Court further dismisses Plaintiff's statutory claims. At the outset, it is not immediately clear which protections afforded by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, or the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, Plaintiff seeks to invoke. Plaintiff's allegations are comprised of bare assertions without sufficient factual allegations.

Plaintiff accuses Defendant of destroying his credit rating. D.E. 1 at 4. He continues that he "established a line of credit" with Defendant. *Id.* at 5. He accuses Defendant of breaching their agreement and reporting "false and misleading information" that lowered his credit score and

decreased his ability to obtain credit from other lenders. *Id.* He adds that Defendant's methods of calculating and charging fees and interest constitute usury and "further prove the facts that I am stating here[.]" *Id.*

Plaintiff's allegations are insufficient. Plaintiff provides an illegible date as to when he established the line of credit, and he does not provide its amount or terms. *See id.* He does not indicate how Defendant breached "the agreement that created the line" or when the breach occurred. He does not state what "false and misleading information" Defendant reported or to whom. He does not allege that he sought to obtain credit from another financial institution, such as to have suffered a concrete harm because of Defendant's actions. He does not elaborate upon the "artificial manipulation of the fees and interest rates [Defendant] charged" such as to substantiate a potential usury claim or "further prove the facts that" he states. *Id.* Accordingly, the Court dismisses Plaintiff's statutory claims as implausibly pled.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS on this 16th day of May 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies noted above. Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

                                                                           _____
                                                                           John Michael Vazquez, U.S.D.J.